```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| NICHOLAS DESANTIS, | : |
| Plaintiff, | : Civil Action No.<br>: 06-1807(NLH) |
| v. | : **OPINION** |
| ALDER SHIPPING CO.,<br>FRESH DEL MONTE<br>PRODUCE, INC.,<br>DEL MONTE FRESH<br>PRODUCE, N.A., INC.<br>DEL MONTE FRESH PRODUCE CO.<br>Individually, jointly and<br>severally,<br>Defendants. | : |

**APPEARANCES:**

STANLEY GRUBER
1601 MARKET STREET, 2ND FLOOR
PHILADELPHIA, PA 19103
*Attorney for Plaintiff, Nicholas DeSantis*

EUGENE MATTIONI
MATTIONI, LTD.
399 MARKET STREET SUITE 200
PHILADELPHIA, PA 19106
*Attorney for Defendant, Alder Shipping Company*

STEPHEN CALDER
PALMER BIEZUP & HENDERSON LLP
330 MARKET STREET
CAMDEN, NJ 08102
*Attorney for Defendants, Del Monte Fresh Produce, N.A., Inc.,
Fresh Del Monte Produce, Inc., and Del Monte Fresh Produce Co.*

**HILLMAN, District Judge**

Before the Court is defendant Alder Shipping Company's ("Alder") Motion for Reconsideration of this Court's Order entered on August 8, 2008, denying Alder's motion for summary

judgment.  For the reasons expressed below, Alder's motion is denied.

## I.  Standard for Motion for Reconsideration

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  <u>United States v. Compaction Sys. Corp.</u>, 88 F.Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b) <u>Id.</u>  In the District of New Jersey, Local Civil Rule 7.1(I) governs motions for reconsideration.  <u>Bowers v. Nat'l. Collegiate Athletics Ass'n.</u>, 130 F.Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(I) permits a party to seek reconsideration by the Court in matters "which [it] believes the Court has overlooked" when it ruled on the motion. L.Civ.R. 7.1(I); <u>see</u> <u>NL Industries, Inc. v. Commercial Union Insurance</u>, 935 F.Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  <u>See</u> <u>United States v. Jones</u>, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  <u>Max's Seafood Café v.</u>

Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  U.S. v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999); see also L.Civ.R. 7.1(g). "The word 'overlooked' is the operative term in the Rule."  Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F.Supp.2d 610, 612 (D.N.J. 2001)(citation omitted); see also Compaction Sys. Corp., 88 F.Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F.Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F.Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F.Supp. 826, 831 n. 3 (D.N.J. 1992) Egloff v. New Jersey Air National Guard, 684 F.Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l, 830 F.Supp. at 831 n. 3. A party seeking to introduce new evidence on reconsideration

3

bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., No. 89-1298, 1989 WL 205724, at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(I) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F.Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F.Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F.Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F.Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F.Supp.2d 511, 533 (D.N.J. 1998) (citation omitted).

**II.  Alder's Motion for Reconsideration**

In its earlier Opinion, the Court cited the general rule that a maritime vessel can rely on the expertise of a stevedore to avoid open and obvious dangers and does not

ordinarily have a duty to warn about obvious but easily avoidable dangers.[1]  DeSantis v. Alder Shipping Co., No. 6-1807, 2008 WL 4007506, at *5 (D.N.J. Aug. 8, 2008) (citing Kirsch v. Plovidba, 971 F.2d 1026 (3d Cir. 1992)).  There is two-pronged exception to this rule: an impracticality prong and a confrontation prong.[2]  Id.  In assessing the practicality prong, this Court found that there was no dispute that a distance of 8 to 10 feet separated the top of the boxes and the deck of the ship and that, under these circumstances, the record evidence suggested there are two ways for a longshoreman to place walking boards on top of boxes of fruit: either throw them down into the hatch, or lower them down using a sling.  Id.  The Court concluded that summary judgment was not appropriate because a juror could conclude that neither of these methods was practical under the circumstances.

Alder argues that the Court's Opinion and statement regarding the placement of the walking boards was too narrow and

---

[1]  The facts of this case were recited in this Court's earlier Opinion and will not be restated here.

[2]  The Third Circuit stated,

> [w]hen a ship is turned over to the stevedore with an open and obvious hazard which injures a longshoreman, the ship will be liable, first, if avoiding the hazard would be impractical for the longshoreman, or second, if the ship should have known that the longshoremen would confront the hazard.

Hill v. Reederei F. Laeisz G.M.B.H., 435 F.3d 404, 423 (3d Cir. 2006).

that the Court ignored the expert report of Walter F. Curran.

Alder's argument that this Court did not consider the expert report of Mr. Curran fails.  First, the Court did consider the report in making its decision.  Second, although Alder states that Curran's report was not considered, it does not cite to any statement in the report that the Court failed to consider.  In the Court's own review of the report, Mr. Curran states, "[o]nce a landing place is made for the ladder in the hatch then a sling load of walking boards should have been lowered into the hatch and placed over the pallets as needed by the longshoreman."  Curran Report at p. 6 (emphasis added).  What the Curran report fails to address is how, when faced with an 8 to 10 foot drop, a longshoreman is supposed to make a safe landing place to conduct the described operation.  As the Court has noted, a reasonable juror could conclude that there was no practical way to address this dilemma and that the longshoreman would confront the danger.  This is a material issue of fact squarely implicating the exceptions to the general rule that would otherwise absolve the shipowner.  These disputes are for the jury not this court.

Alder also took issue with the Court's statement that "Del Monte or one of its subsidiaries owns the walking boards but on occasion when a Del Monte subsidiary charters a vessel for a one time run, the vessel owner will provide its own walking boards." Id. at *2.  Alder states that although this may happen

6

on occasion, it did not happen in this case.  Alder argues that walking boards for a short term charter are not supplied by Del Monte and it is expected that the loading and discharging terminal and stevedore will supply the walking boards.  This may be true but it does not alter the Court's analysis.

The cited language used by the Court was merely a short recitation of common practices in the industry.  Once again, the issue before the Court was not which entity owned the boards, but whether sufficient evidence existed in the record from which a reasonable juror could conclude that the danger would be impractical to avoid or a longshoreman would confront it. Ownership and availability of the walking boards is just one of many issues that may inform the jury's decision on that point but does not itself compel summary judgment for the shipowner.  In fact, if  it is true that short term charters routinely provide walking boards - but did not this time as defendant contends - it might actually work to defendant's detriment.

Alder is arguing in essence that the Court should have ruled in its favor rather than find a genuine issue of material fact concerning the expectation of the parties concerning who was responsible for the walking boards.  This is not a proper subject for motion for reconsideration as Alder is simply trying to reargue the arguments it made in its motion for summary judgment. See Degnan, 748 F.Supp. at 275.

Finally, Alder argues that the three longshoremen at Hatch No. 1 knew or should have known the risk of walking on the fruit cartons. However, the impracticality and confrontation exceptions - especially the confrontation exception - assume knowledge of the risk. Why engage in an analysis of the practicality of avoiding a risk or excusing an act of confronting it, if knowing the risk is a bar to recovery? The law as found by the Court to apply in this case seeks to avoid longshoreman choosing between dangerous conditions and leaving the job. This too is a rehashing of their motion for summary judgment.  <u>Id.</u>[3]

### III.  <u>CONCLUSION</u>

For the foregoing reasons, Alder's motion for reconsideration is denied. An Order consistent with this Opinion will be entered.

                                          <u>s/ Noel L. Hillman</u>
                                         NOEL L. HILLMAN, U.S.D.J.

Dated: February 20, 2009

At Camden, New Jersey

---

[3] Alder also filed a reply brief in support of its motion for reconsideration without permission of the Court. Pursuant to L.Civ.R. 7.1(d)(3), "[n]o reply papers shall be filed on a motion for reconsideration ... unless the Court otherwise orders." Accordingly, Alder's reply brief is stricken. Even if the reply brief was considered by the Court, it would not change the outcome of the decision as it also fails to present an intervening change in the controlling law, the availability of new evidence, or the need to correct a clear error of law or fact or to prevent manifest injustice. <u>See</u> <u>Max's Seafood</u>, 176 F.3d at 677.